[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
03/15/99
THOMAS K. KAHN
CLERK

No. 98-2684
Non-Argument Calendar

_____

D. C. Docket No. 96-675-CIV-T-24B

THELMA WILSON,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 15, 1999)**

Before TJOFLAT, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Thelma Wilson, acting on behalf of her infant daughter Anastasia El-Amin, appeals the Commissioner of Social Security's denial of supplemental security income benefits to Anastasia. Anastasia suffers from sickle cell anemia, which she claims entitles her to receive benefits. However, the Social Security Administration's administrative law judge ("ALJ") found that Anastasia did not suffer from a "severe impairment" as is necessary to qualify for supplemental security income benefits under the Social Security Act. The Social Security Administration's Appeals Council let the ALJ's ruling stand as the final decision. The district court, adopting the report and recommendation of a magistrate judge, affirmed the ALJ's ruling.

The law that controls whether a child under 18 is disabled changed significantly in the period after the ALJ rendered his decision. Personal Responsibility and Work Opportunity Reconciliation Act, Pub. L. No. 104-193, § 211, 110 Stat. 2105, 2188 (1996). The intervening legislation specifically provides that it applies to cases that had not been "finally adjudicated" at the time of enactment, which includes the instant case because it awaited judicial review at that time. Id. § 211(d)(1)(A)(I), 110 Stat. at 2190. However, it is readily apparent that this change of law does not alter the outcome in this case. The new law tightens rather than expands the definition of "disabled" with respect to children under 18, with the result that any child considered not disabled under the old law is necessarily considered not disabled under the new law as well.[1] Nelson v. Apfel, 131 F.3d

_____

[1] Under prior law and the regulations thereunder, the analysis for whether a child was disabled entailed four sequential steps. The first question was whether the claimant was engaged in substantial gainful activity. If yes, she was not disabled. If no, the second question was whether the claimant had a severe impairment. If no, she was not disabled. If yes, the third question was whether the impairment met or equaled an impairment, also known as a "Listing," in appendix 1 of 20 C.F.R. pt. 404, subpt. P. If yes, the child was conclusively disabled. If no, the child could still be disabled if the fourth step was answered in the affirmative: whether the

2

1228, 1234 (7th Cir. 1997); <u>Jamerson v. Chater</u>, 112 F.3d 1064, 1065-66 (9th Cir. 1997). Therefore, if the ALJ's findings in the instant case were supported by substantial evidence his determination that Anastasia was not disabled is controlling even under the new law.

Wilson appeals on three issues: (I) whether the ALJ erred in determining that Anastasia did not have a severe impairment; (ii) whether the ALJ erred by failing to develop the record fully and fairly; and (iii) whether the Commissioner caused Anastasia prejudice by not making Wilson aware of new and material evidence until after the district court's decision. On the first issue, our review is limited to whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g); <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990). We agree with the district court and magistrate judge that it was so supported. A severe impairment is one that is more than "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional

---

claimant had an impairment of "comparable severity" to that which would prevent an adult from engaging in substantial activity.

The effect of the 1996 legislation was to remove the fourth step. The fourth step had essentially provided an alternative way for a child to establish that she was disabled. The 1996 legislation truncated the sequential analysis by cutting off the fourth step, so that if the child's impairment failed to meet or equal one of the Listings, the child would be conclusively adjudged not disabled. As amended, the relevant statutory provision states: "An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). The regulations promulgated following the 1996 statute preserved the first three steps in the sequential analysis, which continued to reflect properly the statutory language in subparagraph (I) coupled with the proviso in subsection (ii) that no child engaged in substantial gainful activity may be considered disabled. <u>See</u> 20 C.F.R. § 416.924(a).

In the instant case, the ALJ determined that Anastasia had no severe impairment (the second step of the sequential analysis), so the removal of the fourth step by subsequent legislation in no way affects her entitlement.

3

limitations." 20 C.F.R. § 416.924(c).[2]  Anastasia undoubtedly suffered from sickle cell anemia.

However, substantial medical evidence in the record supports a conclusion that she manifested few

symptoms of the disease and that her cognitive, social, and motor development were normal or close

to normal during the relevant time period.  Substantial evidence also supports the ALJ's finding that

Anastasia's occasional episodes of hospitalization did not demonstrate a "severe impairment."

On the second issue, Wilson is correct that the ALJ has a duty to develop the record fully and

fairly.  Graham v. Apfel, 129 F.3d 1420, 1422-23 (11th Cir. 1997).  But we cannot agree with her

that the ALJ was obligated to seek independent, additional expert medical testimony before

concluding that Anastasia's impairment was not severe.  On the contrary, the record, which included

the opinions of several physicians including that of Dr. Cameron Tebbi who treated Anastasia, was

sufficient for a decision and additional expert testimony was unnecessary.

Third, Wilson argues that new evidence which came into her possession after the district

court's decision requires reconsideration of the denial of benefits.   This claim is made for the first

time on appeal, as it involves information not previously known by Wilson.  The new evidence

consists of an Office of Disability Determinations form completed by Dr. Teresa Felten on March

29, 1996, indicating that Anastasia met Listings 107.05(A) and (D), either of which would entitle

her to benefits pursuant to the third step of the sequential analysis. The new evidence is not properly

---

[2]  The regulations in effect when the ALJ rendered his decision, prior to the 1996 statutory amendment, defined severity slightly differently, as causing "more than a minimal limitation in [the child's] ability to function independently, appropriately, and effectively in an age-appropriate manner." See 62 Fed. Reg. 6408, 6411-12 (1997) (comparing the old and new regulations defining severity).

4

before the court as it is merely attached as an appendix to Wilson's brief.[3] See Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) (court's review limited to the certified record). Moreover, this evidence is irrelevant. We review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision.[4] The ALJ's decision in this case was rendered on March 28, 1995. While Dr. Felten's opinion one year later may be relevant to whether a deterioration in Anastasia's condition subsequently entitled her to benefits, it is simply not probative of any issue in this case.[5]

For the foregoing reasons, the judgment of the district court affirming the Commissioner's denial of supplemental security income benefits to Anastasia El-Amin is

**AFFIRMED.**

---

[3] Sentence six of 42 U.S.C. § 405(g), the judicial review provision regarding the Commissioner's decision, provides that the district court may remand the case to the Commissioner for "additional evidence to be taken before the Commissioner . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Wilson, however, asks for consideration of this new evidence for the first time on appeal.

[4] Wilson attempts to circumvent this obstacle in her brief by stating that "not only does it show that at the time the evaluation was made that the claimant was disabled, but it also implicitly shows that the claimant had been disabled for some time (i.e., since the inception of her filing for benefits)." We do not see this "implicit" conclusion in Dr. Felten's opinion.

[5] The magistrate judge noted that "[i]f, unfortunately, the child's condition deteriorates, another application for benefits can be filed." Magistrate's Report & Recommendation at 10. The government's brief indicates that such subsequent application has been filed (with respect to a time period other than the time period at issue in this appeal) and was successful, although the limited record before us does not allow us to verify this.