[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 9, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14987
Non-Argument Calendar

_____

D. C. Docket No. 03-00103-CV-CAR-3

SHARA JOHNSON, on behalf of
Cinnamon Mattox,

                                        Plaintiff-Appellant,

                        versus

JO ANNE B. BARNHART,
Commissioner of Social Security,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 9, 2005)**

Before EDMONDSON, Chief Judge, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Shara Johnson, on behalf of her minor daughter, Cinnamon Mattox, appeals the district court's order affirming the denial by the Social Security Administration ("SSA") of supplemental security income benefits ("SSI"), 42 U.S.C. § 1382c(a)(3)(c)(i). Appellant argues that Cinnamon's condition met the Listing of Impairments for Chronic Pulmonary Insufficiency, 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 103.2(F)(1), and Asthma, Listing 103.03(C)(2). And Appellant argues that the ALJ failed to articulate why Cinnamon's condition did not medically equal the Listing for Asthma with Attacks, Listing 103.03(B). No reversible error has been shown; we affirm.

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. "Even if the evidence preponderates against the [Commissioner]'s findings, we must affirm if the decision reached is supported by substantial evidence." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

For a person under age 18 to be entitled to SSI benefits, that person must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The SSA uses a three-step analysis to make this determination. First, it determines whether the claimant is engaged in substantial gainful activity. If not, as with Cinnamon, the SSA determines whether the claimant has a severe impairment or combination of impairments. Cinnamon has asthma, a severe impairment. So, the SSA then determines whether the impairment or combination of impairments meets or is medically or functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, and otherwise satisfies the duration requirement. 20 C.F.R. § 416.924(a); Wilson v. Apfel, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002).

First, Johnson argues that Cinnamon met Listing 103.02(F)(1), "chronic pulmonary insufficiency," because she was hospitalized for respiratory distress in

3

November 1999 and for acute asthmatic bronchitis in May 2000. Johnson contends that Cinnamon's condition is chronic: she requires daily treatment, and she has received emergency care seven times in two years.

To meet Listing 103.02(F)(1), a claimant must have "[t]wo required hospital admissions (each longer than 24 hours) within a 6- month period for recurrent lower respiratory tract infections or acute respiratory distress associated with . . . [c]hronic wheezing or chronic respiratory distress." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.2(F)(1).

Substantial evidence supports the ALJ's determination that Cinnamon did not meet Listing 103.02(F)(1). Cinnamon was hospitalized for more than 24 hours in November 1999 for respiratory distress: she was diagnosed with "probable syncytical bronchiolitis" and she exhibited occasional wheezing. But the medical records from this episode do not mention "acute respiratory distress" or "chronic wheezing." The November 1999 episode does not meet the requirements of the Listing.[1] In May 2000, Cinnamon was hospitalized for more than 24 hours for "acute asthmatic bronchitis." The records from this episode, however, do not show that her condition was associated with chronic wheezing or chronic

---

[1] Johnson asserts that the ALJ erred by failing to mention Cinnamon's November 1999 hospital admission. But the evidence does not show that the November 1999 was a qualifying admission under the Listing: the ALJ was not required to address it.

respiratory distress. But even assuming that the May 2000 episode resulted in a diagnosis meeting the Listing's requirements, the record does not show that C.M. was hospitalized twice in a six month period for conditions meeting the specific criteria of Listing 103.02(F)(1).

Johnson next argues that Cinnamon's condition meets Listing 103.03(C)(2), asthma, because (1) she has been prescribed steroids on many occasions, but still suffers from chronic wheezing and coughing, (2) she uses a nebulizer daily, and (3) she frequently goes to the hospital to treat her asthma. And she challenges the ALJ's determination that she enjoyed symptom-free periods.

To meet Listing 103.03(C)(2), asthma, the claimant must suffer from "persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with . . . [s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03(C)(2).

Substantial evidence supports the ALJ's determination that Cinnamon's asthma failed to meet the Listing criteria. The record shows that Cinnamon was prescribed steroids for her asthma. But the medical evidence does not indicate that Cinnamon took these medications for more than 5 days per month for at least 3

5

months during a 12-month period.[2]  Instead, substantial evidence in the record supports a conclusion that Cinnamon's steroid use was not frequent enough to meet the Listing.  On numerous occasions when Cinnamon visited the pediatrician, the doctor noted that she currently was not on medications.

And, substantial evidence supports the ALJ's determination that Cinnamon enjoyed symptom free periods.  The record indicates that Cinnamon suffered from bouts of wheezing from time to time, especially when she was experiencing respiratory distress.[3]  But the record also shows that Cinnamon was examined many times when no wheezing was noted.

Johnson argues third that a strong possibility exists that Cinnamon's condition medically equals Listing 103.03(B), asthma with attacks, and that the ALJ erred by not explaining his determination that Cinnamon's condition did not medically equal any listing.  Johnson asserts that, from November 1999 until

---

[2] Johnson submitted a handwritten chart listing Cinnamon's daily medications and indicating that Cinnamon had taken one vial of Pulmicort, a steroid, twice per day since September 1999.  But the accuracy of this chart is questionable.  Johnson admitted that Cinnamon does not take all the listed medications all of the time, and the chart listed the medication Rondec as a steroid, when Rondec is not a steroid.  And Johnson points to only two instances in the record where Pulmicort was prescribed.

[3] Cinnamon's pediatrician, Dr. Gena Alexander-Albert, noted that she had evaluated Cinnamon six times for wheezing from 19 November 1999 until 26 September 2002.  But Dr. Alexander-Albert did not characterize Cinnamon's wheezing as "persistent."

December 2001, Cinnamon suffered the equivalent of 10 severe asthma attacks and suffered from prolonged asthma flare-ups at home.

Asthma "attacks" are defined as:

> prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting.

20 C.F.R. Pt. 404, subpt. P, App. 1 § 3.00(C). And to meet Listing 103.03(B), a child must have asthma with "attacks"

> in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 103.03(B). If a claimant does not exhibit one or more of the medical findings specified in a particular listing, or exhibits all of the medical findings, but one or more is not as severe as specified in the listing, the SSA "will nevertheless find that [the] impairment is medically equivalent to that listing if [the claimant has] other medical findings related to [her] impairment that are at least of equal medical significance." 20 C.F.R. § 416.926(a)(1). Medical equivalence must be based on medical findings that are at least equal in severity and duration to the listed findings. See Wilson, 284 F.3d at 1224.

7

We reject Johnson's argument that the ALJ erred by not explaining his reasoning. The ALJ explained the weight he accorded to certain pieces of evidence and stated that, based on all the record evidence, Cinnamon's condition did not medically or functionally equal a listed impairment. This statement is sufficient evidence that the ALJ considered (and rejected) a determination that Cinnamon's condition met Listing 103.03(B). See Wilson, 284 F.3d at 1224 (writing that the ALJ's determination -- that "the medical evidence establishes that [claimant] had [several injuries] which constitute a 'severe impairment', but that he did not have an impairment or combination of impairments" that medically equaled a listing -- was "evidence that [the ALJ] considered the combined effects of [claimant]'s impairments").

And, substantial evidence supports the ALJ's conclusion that Cinnamon's condition did not medically or functionally equal a listed impairment, including Listing 103.03(B). Cinnamon was required to present medical evidence that her asthma attacks are equivalent to the listing. See Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986). Johnson points to the 10 asthma attacks Cinnamon suffered over a 25-month period. But the record contains no evidence that Cinnamon had additional asthma attacks that required intensive treatment equal to a hospitalization. The record shows that Cinnamon used a nebulizer and took

8

asthma medication daily; but the evidence does not support a conclusion that this treatment was intensive or that her asthma flare-ups were as severe as the attacks that required hospitalization.

In sum, substantial evidence supports the ALJ's conclusion that Cinnamon was not disabled.

AFFIRMED.