[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10452
Non-Argument Calendar

_____

D. C. Docket No. 07-00009-CV-1-MMP-WCS

FIFI T. JAMES,
a.k.a. Ms. Morris,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 7, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Fifi James appeals the district court's order affirming the Administrative Law Judges's ("ALJ") denial of her application for disability insurance benefits ("DIB"), 42 U.S.C. § 405(g), and supplemental security income benefits ("SSI"), 42 U.S.C. § 1383(c)(3). We affirm.

James first argues she should be presumed disabled because her condition meets or equals a Listing. James argues that she met the Listing 9.09A, which is the listing for obesity. James acknowledges that Listing 9.09A has been repealed, but asserts that the Listing "rules us from the grave" due to the effects of SSR 00-03p and SSR 02-01p. James argues that her obesity combined with the disc protrusions in her spine is the medical equivalent of a Listing.

If a claimant has a condition that meets or equals the conditions detailed in the Listing of Impairments ("The Listings"), then the claimant is disabled. 20 C.F.R. § 404.1520(d). The Listings describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity. 20 C.F.R. § 404.1525(a). To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. 20 C.F.R. § 404.1525(a)-(d). To equal a Listing, the medical findings must be "at least equal in severity and duration to the criteria of

any listed impairment." 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment. 20 C.F.R. § 404.1526(b)(3). The claimant bears the burden of proof to show disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

Listing 9.09 detailed obesity as a possible basis for a determination of disability, but the listing was repealed in 1999. SSR 02-01p (published at 67 Fed. Reg. 57859-02, at 57861). Nonetheless, the Commissioner has clarified that the effects of obesity are included in the medical impairments analyzed to determined if a claimant's condition equals a condition of the Listings. *Id.* at 57861-62.

The ALJ's conclusion that James's medical condition is not the equivalent of a Listing is supported by substantial medical evidence, including the opinions of James's treating physicians and the results of her Residual Function Capacity Assessment.

Finally, James argues that the ALJ did not articulate reasons to support the conclusion that James's condition was not capable of producing the severe pain James reported. James asserts that the ALJ should have propounded interrogatories to her doctors regarding the length of time she could sit or stand

3

during a workday. James argues that the ALJ must articulate explicit and adequate reasons for questioning the credibility of a claimant. James argues that her medical condition meets the standard for determining disability based on pain.

We require a claimant who seeks "to establish a disability based on testimony of pain and other symptoms" to show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). Furthermore, "credibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam). However, an ALJ must articulate "explicit and adequate reasons" in order to discredit subjective testimony. *Wilson*, 284 F.3d at 1225. Failure to do so "requires, as a matter of law, that the testimony be accepted as true." *Id.* We do not require the ALJ to "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow this Court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). The ALJ has a duty to develop the record fully and fairly. *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam). When the record is sufficient for

the decision, the ALJ need not seek additional medical evidence. *Id.* The claimant bears the burden of proof to show disability. *Ellison*, 355 F.3d at 1276.

The ALJ's determination that James's reports of pain were not entirely credible is supported by substantial medical evidence, including the opinions of James's treating physicians and the results of her Residual Function Capacity Assessment. The ALJ was not required to seek additional medical evidence because the evidence from the treating and consulting physicians was sufficient for the ALJ to make a disability determination in this case.

Upon review of the record and consideration of the parties' briefs, we discern no error. Therefore, we affirm the denial of benefits.

**AFFIRMED**