[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 18, 2009
THOMAS K. KAHN
CLERK

----------------------------------------

No. 08-11247
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-00488-CV-B

LOTTIE TURBERVILLE,
o.b.o. William Earl Rowell, Jr.,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

-------------------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
-------------------------------------------------

**(February 18, 2009)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Lottie Turberville, on behalf of her minor son William Earl Rowell, Jr., appeals the district court's order affirming the denial by the Commissioner of Social Security (the "Commissioner") of supplemental security income ("SSI") benefits, 42 U.S.C. § 1383(c)(3). Turberville argues that Rowell's condition met the Listing of Impairments for Mental Retardation, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05 ("Listing 112.05"), based on Rowell's IQ score. No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

For a person under age 18 to be entitled to SSI benefits, that person must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in

2

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner uses a three-step analysis to make this determination. First, it determines whether the claimant is engaged in substantial gainful activity. If not, as with Rowell, the Commissioner determines whether the claimant has a severe impairment or combination of impairments. Rowell has attention deficit hyperactivity disorder ("ADHD") and functional megacolon[1], severe impairments. So, the Commissioner then determines whether the impairment or combination of impairments meets or is medically or functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, and otherwise satisfies the duration requirement. 20 C.F.R. § 416.924(a); Wilson v. Apfel, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999). About this third step, the ALJ concluded that Rowell did not have an impairment or combination of impairments that met or equaled the Listings or that the functional limitations caused by the combination of impairments were functionally equivalent to any listing.

At issue here is whether Rowell meets the requirements of Listing 112.05. Under section 112.05 of the Listings, mental retardation is "[c]haracterized by

---

[1]Megacolon is an extreme dilation of the colon. "Functional" means the condition does not relate to a defect in a bodily organ; instead, it is an acquired condition.

3

significantly subaverage general intellectual functioning with deficits in adaptive functioning. The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.05. In relevant part to this case, section D of Listing 112.05 requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.05D. "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 110 S.Ct. 885, 891 (1990) (emphasis in original); see also 20 C.F.R. § 416.925(c)(3); Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997) (considering, under the adult version of Listing 112.05, "significantly subaverage general intellectual functioning" to be a separate requirement from "deficits in adaptive behavior").[2]

We conclude that -- though the ALJ did not explicitly discuss why Rowell did not actually meet Listing 112.05 -- substantial record evidence supports that

---

[2]On appeal, Turberville focuses only on whether Rowell satisfied section D of Listing 112.05 about IQ score; but Rowell also was required to meet the requirements in the introduction to section 112.05. See § 416.925(c)(3) (impairment must meet all criteria of listing, including "any relevant criteria in the introduction").

Rowell's condition did not actually or functionally meet Listing 112.05 and, therefore, supports the ALJ's ultimate conclusion that Rowell was not disabled. About Rowell's intellectual functioning, the ALJ made the following conclusions: (1) Rowell was only in two special education classes; (2) he had been held back only in kindergarten; (3) he would advance to the 6th grade; (4) in the 5th grade, he had received a grade of 89 in reading; (5) an examining doctor concluded that Rowell's IQ and achievement testing were more suggestive of a learning disability than mental retardation; and (6) neither of the doctors who completed the Childhood Disability Evaluation forms concluded that Rowell actually met the Listing.[3] See Arnold v. Heckler, 732 F.2d 881, 884 (11th Cir. 1984) (determining that it was significant that no doctor found claimant disabled). These observations are supported by the record and constitute substantial evidence that Rowell did not have significantly subaverage general intellectual functioning.

We also conclude that substantial evidence supports that Rowell did not have the required deficits in adaptive functioning. About this area, the regulations require consideration of six "domains," which are "broad areas of functioning

_____

[3]While one doctor concluded that Rowell functionally met the Listing, the ALJ discredited this doctor, implicitly agreeing with the other doctor's assessment that Rowell's mental capacities were more indicative of a learning disability. Rowell does not challenge this credibility determination.

intended to capture all of what a child can and cannot do." 20 C.F.R. § 416.926a(b)(1). To satisfy the "functional equivalent" standard, a child claimant must have "marked" limitations in two domains or an "extreme" limitation in one domain. § 416.926a(d). A marked limitation is defined as a limitation that "interferes seriously with [the] ability to independently initiate, sustain, or complete activities," and is "more than moderate." § 416.926a(e)(2)(i).

About the domains, the ALJ concluded that Rowell had less than marked limitation in only one domain: acquiring and using information. Record evidence considered by the ALJ that supported that Rowell did not have adaptive functioning deficits includes the following things: (1) testimony by Rowell's mother that he is able to walk, run, throw a ball, use scissors, play video games, complete some chores, and care for himself; (2) Rowell consistently received grades of 100 in physical education, indicating that his megacolon condition was under control; and (3) Rowell's treating physicians noted that he was bright, intelligent and conversant, did well in school, had normal development for his age, and his ADHD was controlled with medication. Based on this evidence, whatever Rowell's limitations, they do not interfere seriously with his ability to initiate, sustain and complete activities independently. See id.

Therefore, we conclude that substantial evidence supported that Rowell did not meet <u>all</u> of the requirements of Listing 112.05 and, thus, supported the ALJ's ultimate conclusion that Rowell was not disabled.[4]

AFFIRMED.

---

[4]It is unnecessary to address Turberville's IQ argument because Rowell did not meet the other requirements of Listing 112.05.  See <u>Lowery v. Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992) (a valid IQ score need not be conclusive of mental retardation where the IQ score is inconsistent with other evidence in the record on the disability claimant's activities and behavior); <u>Popp v. Heckler</u>, 779 F.2d 1497, 1499 (11th Cir. 1986) (the Listings "do[] not require the [SSA] to make a finding of mental retardation based on the results of an IQ test alone").