[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

No. 09-15367
Non-Argument Calendar

_____

D. C. Docket No. 08-00331-CV-OC-GRJ

RONNIE C. CASSIDY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ronnie C. Cassidy, through counsel, appeals the magistrate judge's order

affirming the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits and supplemental Social Security income, arguing that the Administrative Law Judge's ("ALJ") decision of March 30, 2006, should be reversed because the ALJ granted him benefits in October 2008, pursuant to a subsequent application. Specifically, Cassidy argues that the ALJ's March 30, 2006, order was not supported by substantial evidence and was arbitrary and capricious because the same ALJ granted his subsequent disability application in an October 2008 order, which found that he had been disabled since April 14, 2006. He submits that he did not suffer any "new medical conditions" between March 30, 2006, and April 14, 2006, to account for the difference in the ALJ's decisions.

"When . . . the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "We review the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* at 1440. The burden rests with the claimant to prove that he is disabled and entitled to Social Security

2

benefits. *See* 20 C.F.R. § 404.1512(a); *Doughty*, 245 F.3d at 1278. "We review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (holding that a medical form completed approximately one year after the ALJ's decision was not probative of any issue in the case).

Although Cassidy alleges in conclusory fashion that the ALJ's March 2006 decision was not supported by substantial evidence, he never directly challenges the quality or quantity of evidence supporting that decision. Our review of the record indicates that the ALJ's determination that Cassidy was not disabled because he retained the ability to perform the full range of sedentary work and thus could perform other work existing in significant numbers in the national economy was supported by substantial evidence. Specifically, medical evidence from both treating and consultative sources supported the ALJ's determination. Cassidy points to no further medical information before the ALJ at the time of the March 2006 decision to undermine that determination.

The crux of Cassidy's argument is instead that the ALJ's March 2006 decision was arbitrary and capricious because it is inconsistent with a fully favorable decision rendered in October 2008 finding that he was disabled with an

onset date of April 14, 2006. We disagree. The burden was on Cassidy to establish his entitlement to benefits during a specific time period. Substantial evidence supports the ALJ's March 2006 decision to deny him benefits. According to Cassidy, his medical condition was the same at all relevant times between the two applications. Even assuming his underlying medical conditions were the same, the determination of Cassidy's disability was based not just on his medical conditions, but on how those conditions affected his residual functional capacity to perform work. Moreover, Cassidy concedes that significant additional medical evidence was presented in support of the claim decided in the October 2008 decision and that the evidence was relevant to the time after the March 2006 decision. Thus, the two decisions are not inconsistent. In short, Cassidy has failed to show any error in the ALJ's March 2006 determination that he was not disabled and not entitled to benefits because his sole argument on appeal is based on evidence that is not probative of the disability period in that application.

Based on our review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is DENIED.