[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22, 2012
JOHN LEY
CLERK

No. 11-10225
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-02042-TGW

JOYCE ENIX,

                                                      Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 22, 2012)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Joyce Enix appeals the magistrate judge's order denying her motion to remand her application for disability insurance and supplemental security income ("SSI") benefits in light of new evidence, 42 U.S.C. §§ 405(g) and 1383(c)(3), and dismissing her complaint. After review, we affirm.

## I. BACKGROUND

### A. 2008 ALJ Decision

On June 30, 2003, Enix applied for disability and SSI benefits claiming that she was unable to work as of November 14, 2002 due to, inter alia, her seizure disorder and fibromyalgia. After hearings on February 2, 2006 and September 30, 2008, an Administrative Law Judge ("ALJ") denied Enix's application for benefits on November 19, 2008. On September 4, 2009, the Appeals Council denied Enix's request for review.

### B. 2009 Federal Complaint

On October 7, 2009, Enix filed this complaint in the district court alleging that the ALJ's decision was not supported by substantial evidence.[1] After the Commissioner filed an answer, the magistrate judge issued a scheduling order instructing Enix to file within sixty days a memorandum "identify[ing] with

_____

[1]The parties consented to proceeding before a magistrate judge.

particularity the discrete grounds upon which the administrative decision is being challenged."

Instead, Enix filed a motion for a remand to the Commissioner, pursuant to 42 U.S.C. § 405(g), which permits the court to remand "for further action by the Commissioner . . . and . . . at any time order additional evidence to be taken before the Commissioner . . . ." 42 U.S.C. § 405(g). The purported new evidence, attached to Enix's motion to remand, consisted of treatment notes from the epilepsy clinic at Tampa General Hospital dated November 7, 2008, January 9, 2009, May 15, 2009, August 5, 2009 and September 9, 2009. These treatment notes indicated that Enix continued to report petit mal seizures, that her diagnosis of medically intractable localization-related epilepsy remained the same, and that her doctors had discussed brain surgery, but Enix was unwilling to undergo the procedure.

Despite the magistrate judge's order, Enix never filed a memorandum challenging the ALJ's denial of benefits. Consequently, in May 2010, the magistrate judge issued a second order giving Enix thirty days to file a memorandum challenging the ALJ's decision. The order advised Enix that if she failed to file a challenge, the court would assume she was proceeding only on her motion to remand. Despite this warning, Enix still did not file a challenge to the

3

ALJ's denial of benefits.

In November 2010, the magistrate judge issued an order denying Enix's motion to remand. The magistrate judge noted that Enix had not filed a challenge to the ALJ's decision and, therefore, "only the plaintiff's contentions in the motion for remand have been considered." After denying Enix's motion to remand, the magistrate judge ordered "[t]hat, because the plaintiff has not filed a memorandum challenging the Commissioner's decision, the complaint is hereby DISMISSED." Enix filed this appeal.

## II. DISCUSSION

### A. Motion to Remand

The sixth sentence of 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner for consideration of new evidence that previously was unavailable. 42 U.S.C. § 405(g). "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007). To show that a sentence six remand is needed, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the

4

administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).[2]

The new evidence must relate to the period on or before the date of the administrative law judge's ("ALJ") decision. See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999); cf. 20 C.F.R. §§ 404.970(b), 416.1470(b) (requiring Appeals Council to consider new evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision"). Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefit from a new application, but it is not probative of whether a person is disabled during the specific period under review. See Wilson, 179 F.3d at 1279.

In contrast, evidence of a condition that existed prior to the ALJ's hearing, but was not discovered until afterward, is new and non-cumulative. See, e.g., Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218-19 (11th Cir. 2001) (concluding remand was warranted based on evidence that after the ALJ hearing a doctor discovered and surgically corrected a herniated disk); Hyde v. Bowen, 823

---

[2]We review de novo a district court's denial of a motion to remand. Caulder v. Bowen, 791 F.2d 872, 875 (11th Cir. 1986)

F.2d 456, 459 & n.4 (11th Cir. 1987) (concluding remand was warranted based on new evidence that claimant's prosthetic device was loose, which, "if accepted" provides "an objective medical explanation" for claimant's previously unexplained complaints of pain in his hip and leg).

With regard to Enix's treatment records dated November 7, 2008, January 9, 2009, May 15, 2009, August 5, 2009, Enix did not show good cause for failing to present this evidence to the Commissioner. Enix's only proffered reason for not doing so was that the medical records did not exist at the time of the ALJ's September 30, 2008 hearing. However, this does not explain why Enix did not submit these documents to the agency, specifically the Appeals Council, while her administrative appeal was pending. Cf. Caulder, 791 F.2d at 878 ("Nonexistence of the evidence at the time of the administrative proceedings may constitute good cause."). The Appeals Council did not deny Enix's request for review until September 4, 2009. Thus, all but one of these medical records (the September 9, 2009 notes) existed and could have been submitted while Enix's administrative proceedings were ongoing. Accordingly, Enix did not show good cause with regard to the documents that predate the Appeals Council's decision.

Additionally, with the exception of the November 7, 2008 treatment notes, Enix's new evidence addressed her condition after the ALJ's November 19, 2008

6

decision. Contrary to Enix's contention, these treatment notes do not provide any new insight into whether her seizures were under control during the time period reviewed by the ALJ. At most, these documents showed that Enix's condition was subsequently deteriorating, which is not sufficient to warrant a sentence six remand. For these reasons, the district court did not err in denying Enix's motion to remand.

**B.     Denial of Benefits**

For the first time on appeal, Enix challenges the ALJ's denial of benefits. Specifically, Enix argues that the ALJ erred by failing to address a treating physician's opinion that she was disabled due to her fibromyalgia. "As a general principle, this court will not address an argument that has not been raised in the district court." Stewart v. Dep't of Health & Human Servs., 26 F.3d 115, 115 (11th Cir. 1994) (declining to consider claimant's argument that substantial evidence did not support Secretary's denial of disability and SSI benefits where claimant failed to file a brief in the district court); see also LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1199 (11th Cir. 2010); Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).[3]

---

[3]To the extent Enix argues we have discretion to consider new issues, we expressly decline to do so here given that the magistrate judge twice ordered Enix to file her challenges, but she did not do so.

As recounted above, the magistrate judge issued orders twice instructing Enix to file a memorandum setting out her challenges to the ALJ's decision. In fact the magistrate judge's second order advised Enix that if she failed to file a challenge, the court would assume she was proceeding only on her motion to remand. Despite these orders, Enix did not file a challenge to the ALJ's decision denying benefits.

In November 2010, the magistrate judge denied Enix's motion to remand and dismissed her complaint for failure to file a memorandum challenging the ALJ's decision. On appeal, Enix does not offer a reason why she failed to challenge the Commissioner's decision as instructed in the district court. Enix also does not argue that the magistrate judge's dismissal of her complaint, essentially for failure to prosecute, was error. Given that: (1) Enix was given ample opportunity to challenge the ALJ's decision in the district court and did not do so, (2) the magistrate judge dismissed Enix's complaint without reaching the merits of the ALJ's decision, and (3) Enix does not argue that the magistrate judge's dismissal for failure to prosecute was error, we decline to address the merits of the ALJ's decision on appeal.

**AFFIRMED.**