[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12554
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cv-00974-JEO

TAMMY GRIFFIN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 29, 2018)

Before MARCUS, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

Tammy Griffin appeals the magistrate judge's order affirming the Commissioner's denial of her application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). On appeal, Griffin argues that the Appeals Council erred when it refused to consider her new medical evidence because it was not chronologically relevant. After review, we affirm.

## I.  BACKGROUND

### A.    Proceedings Before the ALJ

Griffin applied for disability benefits, alleging an onset date of March 9, 2012, the day she suffered a back injury at work. Griffin's work injury aggravated a pre-existing back condition. An x-ray on the day of her work injury revealed that Griffin had a muscle spasm and strain in her back. An MRI performed by Dr. Ross Barnett two weeks later, on March 23, 2012, showed that Griffin's L5-S1 disc had modest degenerative disc disease with left eccentric foraminal narrowing (narrowing of the disc space), and that she had mild facet hypertrophy in her lower lumbar spine. Medical evaluations performed between May and July 2012 in relation to her worker's compensation claim indicated that Griffin's back pain was caused by a collapsed disc in her spine at L5-S1.

After a hearing, the Administrative Law Judge ("ALJ") denied Griffin's application for disability benefits on November 22, 2013. Applying the five-step sequential evaluation, the ALJ concluded that Griffin had the severe impairments

2

of degenerative disc disease, degenerative joint disease, thoracic outlet syndrome, history of cervical fusion, fibromyalgia, and migraines, that prevented her from performing her past relevant work, but that Griffin retained the residual functional capacity ("RFC") to perform unskilled light work with restrictions on rope, ladder, or scaffold climbing, unprotected heights, hazardous machinery and more than occasional stooping, crouching, crawling, kneeling, or ambulating over uneven surfaces.  Because the ALJ found that a significant number of jobs existed in the national economy that Griffin could perform, the ALJ concluded that she was not disabled.

**B.    Griffin's Petition for Appeals Council Review and New Evidence**

Griffin requested Appeals Council review and submitted new evidence, namely, an MRI report from Fort Payne Imaging and signed by Dr. Barnett on March 17, 2014, four months after the ALJ's decision.  The MRI report noted Griffin's underlying diagnosis of lower back pain on the left side since March 9, 2012, and contained Dr. Barnett's findings and impressions based on multiplanar MR imaging of Griffin's lumbar spine performed on March 17, 2014.  According to the MRI report, the imaging showed changes in two of Griffin's discs, including

3

a small disc protrusion without neural compression at L2-3 and a mild bony

forminal stenosis and disc bulge at L5-S1.[1]

The Appeals Council declined to review the ALJ's decision, making the

ALJ's decision the final decision of the Commissioner.  The Appeals Council

noted that it had reviewed Dr. Barnett's 2014 MRI report and determined that

because the ALJ adjudicated Griffin's claim through November 22, 2013, the

evidence she submitted was about a later time and did not affect the ALJ's decision

about whether Griffin was disabled on or before November 22, 2013.

## C.    District Court Proceedings

Griffin filed a complaint for judicial review of the Commissioner's decision

in the district court and argued that the Appeals Council should have accepted her

new evidence as chronologically relevant and that, when her new evidence was

considered, the Commissioner's decision was not supported by substantial

evidence.  The parties consented to proceed before a magistrate judge.  The

magistrate judge affirmed the Commissioner's decision.[2]

---

[1]Griffin also submitted a "Physical Capacities Form" completed by a nurse practitioner on February 13, 2014.  Griffin agrees, however, that in the district court, she expressly waived judicial review of the Appeals Council's decision not to consider this form.  Accordingly, we do not address it further.

[2]In addition to her complaint, Griffin also filed a motion to remand based on new Social Security Ruling 16-3p, which the magistrate judge denied.  Griffin does not challenge this ruling on appeal to this Court.

4

## II. DISCUSSION

### A.    Petitions for Appeals Council Review Based on New Evidence

Generally, a claimant is allowed to present new evidence at each stage of the administrative process, including before the Appeals Council.  20 C.F.R. §§ 404.900(b), 404.970(b) (2016).[3]  If the claimant submits new evidence after the ALJ's decision, the Appeals Council must consider the evidence if it is new, material, and chronologically relevant.  Washington v. Soc. Sec. Admin., 806 F.3d 1317, 1320 (11th Cir. 2015); 20 C.F.R. § 404.970(b) (2016).  When the Appeals Council erroneously refuses to consider new evidence, it commits legal error and remand is appropriate.  Washington, 806 F.3d at 1320-21.

New evidence must not be cumulative of other evidence in the record.  See Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).  The evidence is material if "there is a reasonable possibility that [the new evidence] would change the administrative result."  Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987); see also 20 C.F.R. § 404.970(a)(5) (2016).  The evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ] hearing decision."  See 20 C.F.R. § 404.970(a)(5), (b) (2016).

---

[3]Effective January 17, 2017, 20 C.F.R. §§ 404.900 and 404.970 were amended, but Griffin does not contend that these amendments apply to, or affect the outcome of, her appeal. See 81 Fed. Reg. 90987, 90994, 90996 (December 16, 2016).

This Court has recognized that in specific circumstances, "medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant." Washington, F.3d at 1322-23. In Washington, these "specific circumstances" existed when the record showed that the medical opinion was based on a review of the claimant's medical history and the claimant's report of his symptoms during the relevant time period and there was no evidence of a decline in the claimant's condition following the ALJ's decision. Id.; see also Hearings, Appeals, and Litigation Law Manual for the Social Security Administration, ("HALLEX") I-3-3-6(B)(2) n.1 (explaining that "a statement may relate to the period" at issue "when it postdates the decision but makes a direct reference to the time period adjudicated [by the ALJ]"). While evidence of deterioration of a previously considered condition may subsequently entitle a claimant to benefit from a new application, it is not probative of whether the claimant was disabled during the relevant time period under review. See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999); see also HALLEX I-3-3-6 (B)(2) (providing as an example of evidence that is not related to the period at issue evidence of "a worsening of the condition or onset of a new condition after the date of the [ALJ's] decision").

6

**B.     Griffin's New Evidence**

Here, the Appeals Council correctly determined that Dr. Barnett's 2014 MRI report was not chronologically relevant.  The MRI report was prepared on March 17, 2014, four months after the date of the ALJ's decision, and contained Dr. Barnett's findings and impressions based on his review of imaging performed on that same day.  There is no indication in the report that it related back to the period of time between March 9, 2012, the alleged onset date of Griffin's disability, and November 22, 2013, the date of the ALJ's decision.  See 20 C.F.R. § 404.970(a)(5), (b) (2016); HALLEX, I-3-3-6 (B)(2) n.1.  Importantly, although Dr. Barnett had also performed an MRI of Griffin's lumbar spine in 2012, his 2014 MRI report did not refer to the earlier MRI.  In fact, apart from noting Griffin's underlying diagnosis of lower back pain since March 9, 2012, the 2014 MRI report made no mention of Griffin's prior physical condition or medical treatment.  The 2014 MRI report also did not reference Griffin's work-related injury, which formed the basis for her claim in March 2012 and which she testified was the cause of her worsening lower back pain.

Thus, unlike the psychological evaluation in Washington, the MRI report here does not specify that Dr. Barnett reviewed any of Griffin's previous medical records or that he based his findings and impressions in the 2014 MRI report on Griffin's physical condition on or before the date of the ALJ's decision.  See

Washington, 806 F.3d at 1322-23.  To the contrary, Dr. Barnett's opinions in the MRI report appear to be based on his review of the imaging he performed on March 17, 2014.  For these reasons, we agree with the Appeals Council that Dr. Barnett's MRI report dated March 17, 2014 was not chronologically relevant to the ALJ's decision on November 22, 2013.

In any event, even if the 2014 MRI report were considered chronologically relevant, it was not material because there is no reasonable possibility that the 2014 MRI report would change the administrative result.  See Washington, 806 F.3d at 1321-22.  The contents of the 2014 MRI report are similar to, and largely consistent with, other medical records Griffin submitted to the ALJ before November 22, 2013, including Dr. Barnett's 2012 MRI report.  Griffin's medical records demonstrated that she had a history of chronic lower back pain, which worsened with the injury she suffered at work, and that she had specific problems with her spine at the L5-S1 disc.  Both Dr. Barnett's 2012 MRI report and his 2014 MRI report reflected a disc bulge and mild or modest foraminal stenosis, eccentric to the left, at the same L5-S1 disc.[4]  In determining that Griffin retained the RFC to perform unskilled light work with certain restrictions, the ALJ considered Griffin's

---

[4]To the extent the 2014 MRI report showed a new protrusion had developed at Griffin's L2-3 spinal disc or that the condition of Griffin's lumbar spine had worsened, there is no indication in the report that these changes occurred before the ALJ's November 2013 decision. Evidence of a new or worsening condition is not chronologically relevant to the period under review by the ALJ.  See Washington, 806 F.3d at 1322-23; Wilson, 179 F.3d at 1279; see also HALLEX, I-3-3-6(B)(2).

previous medical records, including Dr. Barnett's 2012 MRI report, and concluded that these medical records were objectively inconsistent with her reports of pain. Thus, the new 2014 MRI report is cumulative to the extent that it is consistent with the previous medical records the ALJ already considered and thus, even if considered, it would not have changed the ALJ's decision.  See Washington, 806 F.3d at 1322-23.

For these reasons, the Appeals Council did not err in declining to review the ALJ's decision based on Dr. Barnett's 2014 MRI report.

**AFFIRMED.**