[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10462

Non-Argument Calendar

_____

JEREMIAH WADE MCMULLINS,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00633-CLM

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Jeremiah McMullins appeals his denial of disability insurance benefits and supplemental security income, which was subsequently affirmed at a Social Security Administration hearing and in the district court below. We too affirm the denial. McMullins has waived and forfeited all his arguments on appeal. Even if he had not, we would hold that the evidence was neither material nor chronologically relevant, which are each independent grounds for affirming.

## I.

McMullins suffers from several mental health issues relating to bipolar disorder, agoraphobia, and obsessive-compulsive disorder. He stated that he has not held a paid position since 2010; instead, he cleans the house and cares for his children and pets as he is able. After a long history of trying to treat his conditions, he applied for both disability insurance benefits and supplemental security income in 2016, alleging that he became disabled on May 1, 2014. The parties do not dispute that McMullins needs to show that he was disabled before December 31, 2014 to receive disability insurance benefits, and after his 2016 application to receive supplemental security income.

After receiving a denial letter, McMullins requested and received a hearing before an administrative law judge. He heard

testimony from both McMullins and a vocational expert and consulted copious medical records. He determined in February 2019 that while McMullins's conditions were severe enough to disqualify him from any past relevant work, they had never risen to the level of the listed impairments, and jobs existed that could accommodate him. Because McMullins did not qualify as disabled, he was not eligible to receive benefits.

Later, McMullins submitted additional evidence to the Social Security Administration's Appeals Council. Relevant here are two sets of treatment notes. One is from Dr. Feist, who had seen McMullins on at least nine occasions between December 2014 and the February 2019 hearing. Dr. Feist saw McMullins in April 2019, adjusted his medication plan, and filled out a one-page preprinted questionnaire stating that several limitations on McMullins's ability to work related back to May 1, 2014. The other set of notes is from Dr. Nichols in late 2019. She reached similar conclusions to Dr. Feist by filling out a similar form, but she did not review any medical records from 2010 through 2016. She had never previously interacted with McMullins.

The Council denied McMullins's request for appellate review, holding that this evidence was not chronologically relevant. McMullins appealed to the district court, which affirmed the denial of benefits. It noted that McMullins had forfeited any arguments that the additional evidence was material—and that even if he had not, the evidence was immaterial.

McMullins timely appealed to this court. After filing his initial brief, McMullins's counsel passed away. He retained new counsel to author his reply brief. While the initial brief advanced four arguments, the reply brief states that "THE ONLY ISSUE IS WHETHER THE APPEALS COUNCIL FAILED TO CONSIDER NEW EVIDENCE."

## II.

We have an obligation to review, de novo, whether evidence first presented to the Appeals Council is "new, material, and chronologically relevant." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (quotation omitted). If "the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id.*

## III.

Given the affirmative waivers in the reply brief, we consider only McMullins's argument that the Appeals Council failed to consider his additional evidence. *United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir. 2022).

As *Washington* notes, the evidence must be new (that is, not cumulative), material, and chronologically relevant for the Appeals Council to consider it. *Id.* at 1320, 1321 n.6. But McMullins's initial brief makes no arguments that the evidence is material—indeed, it quotes the district court's holding that McMullins had forfeited his materiality arguments there through inaction. While these

arguments appear in the reply brief, that is too late according to our precedents. *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004). So we conclude that McMullins has forfeited or waived every issue on appeal, which is a sufficient reason to affirm.

Even if McMullins's initial brief had not forfeited this issue, we would still conclude that the additional evidence is immaterial. *Washington*, which McMullins relies heavily on, likewise involved two doctors' post-hearing statements. One of them was excluded as the "portion of his questionnaire listing Mr. Washington's symptoms and medications is cumulative because this evidence was already in the record." *Washington*, 806 F.3d at 1323 n.9. The "only noncumulative information in the questionnaire is his opinion that Mr. Washington is disabled," but "we are concerned with the doctors' evaluations of the claimant's condition and the medical consequences thereof, not their opinions of the legal consequences of his condition." *Id.* (quotation omitted and alteration adopted).

So too here. Another doctor at Dr. Feist's clinic had already submitted an opinion questionnaire stating that McMullins was disabled, which the administrative law judge considered—and discarded—at the hearing given the weight of other medical evidence. As for Dr. Nichols, McMullins concedes that she did not consider records between 2010 and 2014 (when McMullins stopped working to when his insurance eligibility terminated), meaning her opinion is irrelevant to his disability insurance benefits claim. She

did consider medical evidence within the timeframe for his supplemental security income claim.  But McMullins also concedes that she is an examining physician.  Statements from examining physicians are afforded less weight than the treating physician evidence that the administrative law judge considered at the hearing.  *Id.* at 1322 n.7.  And an administrative law judge is "free to reject the opinion of any physician when the evidence supports a contrary conclusion"—particularly if they only offer impermissibly conclusory statements.  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019).

To be material, there must be a "reasonable probability" that evidence "would change the administrative results." *Washington*, 806 F.3d at 1322.  In *Washington*, one examining doctor's word against another's about whether an impairment was enough to automatically result in a disability created a material dispute.  *Id.* at 1322.  We simply do not have that situation here: the vocational expert's testimony, alongside *treating* physician evidence (including past statements from Dr. Feist) each suggest that there were jobs in the national economy that McMullins could perform.

And even if the evidence was material, it was not chronologically relevant.  We have found chronological relevance when, for example, a petitioner presented post-hearing evidence of a *pre-hearing* surgery that was not previously considered.  *Pupo v.*

*Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1063 (11th Cir. 2021). And in *Washington*, we said that doctors who examined patients after the hearing could prepare chronologically relevant notes. 806 F.3d at 1322–23. But we later limited "its holding to the specific circumstances" of that case—to wit, there must be "no evidence of the claimant's mental decline since the ALJ's decision." *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (quotation omitted).

Here, there is evidence that McMullins's condition had declined by the time of Dr. Feist's consultation with him (which preceded Dr. Nichols's). For example, before the hearing McMullins expressly and repeatedly ruled out suicidal thoughts, but he reported them after the hearing. Because these post-hearing opinions are colored by the doctors' post-hearing consideration of McMullins's post-hearing mental health, they are not chronologically relevant. An opinion "one year later may be relevant to whether a deterioration in" a patient's condition subsequently entitled him to benefits, but "it is simply not probative of any issue in this case." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

★ ★ ★

We **AFFIRM** the district court's decision to affirm the Social Security Administration's denial of benefits to McMullins.