[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10308
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 22, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-00020-RAL-AEP

MARGETTA LANGLOIS,

Plaintiff-Appellant,

versus

TRAVELER'S INSURANCE COMPANY,
AMY MCGROTTY,
Attorney,
HOWARD GAYHEART,
Attorney,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 22, 2010)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Margetta Langlois, appearing *pro se*, appeals the district court's *sua sponte* dismissal of her complaint for failure to state a basis for federal jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 8(a). Although her appellate brief is extremely unclear, it appears that Langlois reasserts the factual basis for her claims, then contends that the district court should not have dismissed her claims and should have granted her motion to proceed *in forma pauperis*. Upon review of the record and Langlois' appellate brief,[1] we conclude that the district court abused its discretion by dismissing Langlois' complaint with prejudice before providing her with an opportunity to amend her complaint.

We review *de novo* the dismissal of a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and a district court's decision regarding leave to amend for abuse of discretion. *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement" of both (1) "the grounds for the court's jurisdiction" and (2)

---

[1] Defendants have not elected to file an appellate brief.

"of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Pursuant to § 1915(e)(2)(B)(ii), district courts are directed to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Therefore, dismissal of the complaint is appropriate if the facts as pled do not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009). Unless a court specifies otherwise, a dismissal based on a finding that the complaint fails to state a claim upon which relief may be granted operates as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b).

While we agree that Langlois' complaint failed to state a basis for federal jurisdiction and failed to state a claim under Rule 8(a), the district court should have given Langlois an opportunity to amend these deficiencies before dismissing her complaint with prejudice. "A party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is

3

earlier." Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. *Id.* Thus, "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

At the time of the district court's dismissal of Langlois' complaint fewer than 21 days had passed since Langlois filed her complaint. *See* Fed. R. Civ. P. 15(a). Defendants had not yet been served with her complaint; thus, no responsive pleading had been filed. *See id.* Moreover, none of the criteria excusing the district court's failure to allow the plaintiff to amend her complaint are present in this case. *See Bryant*, 252 F.3d at 1163. Given the short time span between the filing of her complaint and the district court's dismissal, there is no evidence of undue delay, bad faith, or dilatory motive on Langlois' part. *See id.* Because the defendants have not yet been served, allowing Langlois to amend her complaint

4

would cause no undue prejudice. *See id.* There is also no evidence that amendment would be futile. *See id.* Langlois attached a large amount of additional documentary evidence to her appellate brief, which, although not properly before our Court, *see Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999), suggests that there may be additional information that she could have provided in her original complaint.

Thus, when the district court dismissed her complaint, Langlois still had the right to amend as a matter of course, pursuant to Rule 15(a), and the district court abused its discretion by dismissing Langlois' complaint with prejudice. We reach this conclusion despite the fact that Langlois did not seek leave to amend in the district court. Our circuit has held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added). We have since overruled this holding with respect to counseled defendants who failed to file a motion to amend or request leave to amend. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor

5

requested leave to amend before the district court."). However, our decision in *Wagner* did not disturb our prior position with respect to *pro se* litigants like Langlois. *See id.* at 542 n.1.

Accordingly, we vacate the district court's judgment and remand with instructions for the district court to provide Langlois with an opportunity to attempt to establish a basis for federal jurisdiction and to state a claim by filing an amended complaint.

VACATED AND REMANDED.