[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13403
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02056-CAP


JULIA ANGLIN,

                                                       Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

                                                       Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 2, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Julia Anglin appeals the district court's order affirming the Social Security Commissioner's ("Commissioner") denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") after an Administrative Law Judge ("ALJ") determined that Anglin was not disabled because her testimony was not credible and she retained the Residual Functional Capacity ("RFC") to perform light work and her past relevant work as a medical receptionist.  Anglin did not challenge the ALJ's credibility and RFC determinations before the district court and she does not expressly challenge them on appeal.  Instead, Anglin argues on appeal that the district court erred in affirming the Commissioner's decision denying her application for DIB because after the district court's decision, she applied for SSI and was approved.  That approval, she asserts, proves that she was eligible for DIB.[1]

We liberally construe briefs filed by *pro se* litigants.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  However, issues not briefed on appeal by *pro se* litigants are deemed abandoned.  *Id.*  To avoid abandonment, a party must plainly and prominently raise a claim or issue.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Moreover, "[we] will not address an argument that has not been raised in the district court."  *Stewart v. Dep't of Health and Human Servs.*, 26 F.3d 115, 115

---

[1] The application at issue relates to Anglin's claim to be disabled in 2006.  She indicates that she has since received SSI benefits.

(11th Cir. 1994) ("It is the general rule that a federal appellate court does not consider an issue not passed on below"); *see also Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (declining to consider an issue not raised before the district court and presented for the first time on appeal in a social security case).

In Social Security appeals, we review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We review the Commissioner's legal conclusions *de novo* and consider whether the Commissioner's factual findings are supported by substantial evidence. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "We may not decide facts anew, reweigh the evidence, or substitute judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation and alteration omitted).

The Social Security regulations establish a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). This process includes an analysis of

3

whether the claimant (1) is currently engaged in substantial gainful activity; (2) has a severe and medically-determinable impairment; (3) has such an impairment that meets or equals a Listing, and meets the duration requirements; (4) can perform her past relevant work, in the light of her residual functional capacity ("RFC"); and (5) can make an adjustment to other work, in the light of her RFC, age, education, and work experience. *Id.* §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proving that he is disabled, and, thus, is responsible for producing evidence to support her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

At step four of the evaluation process, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. 20 C.F.R. § 404.1520(e). The RFC is an assessment of a claimant's ability to do work despite her impairment. *Lewis*, 125 F.3d at 1440. In assessing a RFC, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

"A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995); *see also Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) ("We recognize that credibility determinations are the

4

province of the ALJ.").  An ALJ must make explicit credibility findings when subjective pain is an issue.  *Foote*, 67 F.3d at 1562.

We affirm the district court's decision denying Anglin's applications for DIB and SSI benefits.[2]  First, Anglin did not contest the ALJ's credibility and RFC determinations before the district court.  *See Stewart*, 26 F.3d at 115; *Jones*, 190 F.3d at 1228.  Second, Anglin does not expressly challenge the ALJ's credibility and RFC determinations on appeal.  *See Sapuppo*, 739 F.3d at 680.  Third, even if Anglin properly challenged the ALJ's credibility and RFC determinations before the district court and on appeal, the ALJ's findings were supported by substantial evidence.  Accordingly, we affirm.

**AFFIRMED.[3]**

---

[2] Anglin also does not challenge the district court's affirmation of the denial of her application for SSI on appeal.  Therefore, any argument in that regard is abandoned.  *Timson*, 518 F.3d at 874.

[3] Her motion to file a reply to the response to her motion to add new documents to record out of time is GRANTED.  Anglin's motion to add new documents to the record is DENIED. We cannot consider most of the new documents Anglin submits because our review is limited to the certified record.  *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).  Nor can we remand, because Anglin has not satisfied the criteria for a "sentence six remand," to wit: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level."  *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).  Thus, we cannot consider the fact that Anglin was awarded SSI benefits later in 2013; nor can we consider the truly new evidence on which that 2013 decision was based, because Anglin has not shown that that would be likely to change the result of the ALJ's decision in January 2011.  *See Wilson*, 179 F.3d at 1279 ("we review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific time period. . . . While [such new evidence] may be relevant to whether a deterioration in [claimant's]

---

condition subsequently entitled her to benefits, it is simply not probative of any issue in this case.").