[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11791
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00027-MP-AK

ANNETTE KEATON WILLIAMS,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 3, 2011)

Before MARCUS, FAY and BLACK, Circuit Judges.

PER CURIAM:

Annette Williams appeals the district court's order affirming the Commissioner's denial of disability insurance benefits and supplemental security

income benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3). On appeal, she argues that the ALJ improperly afforded little weight to a doctor's diagnosis of psychotic disorder by giving greater weight to another doctor's diagnosis that was made two years earlier, which did not indicate such a disorder, and failed to consider Williams's impairments in combination. After careful review, we affirm.

Our review of a social security case is "demarcated by a deferential reconsideration of the findings of fact and exacting examination of the conclusions of law." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The Commissioner's factual findings are conclusive if "supported by substantial evidence," but the "[Commissioner's] conclusions of law, including applicable review standards, are not presumed valid." Id. (quotation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance," in that "it is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (alteration and quotation omitted).

The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that she is disabled. See 20 C.F.R. §§ 404.1520 and 416.920. At the first step, the claimant must prove that she has not engaged in substantial gainful activity. At the second step, she must prove that she has an impairment or combination of impairments that is severe. If, at the third step,

2

she proves that her impairment or combination of impairments meets or equals a listed impairment, she is automatically found disabled regardless of age, education, or work experience. If she cannot prevail at the third step, she must proceed to the fourth step, where she must prove that she is unable to perform her past relevant work. If the claimant is unable to do past relevant work, the examiner proceeds to the fifth and final step of the evaluation process to determine whether, in light of residual functional capacity, age, education, and work experience, the claimant can perform other work. Id.; Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997).

The claimant bears the burden of proving that she has a severe impairment or combination of impairments to demonstrate a qualifying disability. See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (holding that the regulations place "a very heavy burden" on the claimant to demonstrate a qualifying disability); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (noting that the second step of the analysis requires the ALJ to consider the severity of the claimant's impairments alone and in combination). Impairments, alone or in combination, are severe if they "'significantly limit' the claimant's 'physical or mental ability to do basic work skills.'" Phillips, 357 F.3d at 1237 (quoting 20 C.F.R. § 404.1520(c)).

The "ALJ may reject any medical opinion if the evidence supports a contrary finding." Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987). "The more a

3

medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. . . . Generally, the more consistent an opinion is with the record as a whole, the more weight" will be given to that opinion. 20 C.F.R. §§ 404.1527(d)(3)-(4) and 416.927(d)(3)-(4).

In this case, substantial evidence supports the ALJ's determination to give little weight to the opinion of Dr. Linda Abeles that Williams had a psychotic disorder. As the record shows, Dr. Abeles did not perform clinical tests, her opinion was unsupported by other medical findings in the record, her opinion was contradicted by another doctor's psychiatric evaluation that was based upon clinical tests, and her opinion appeared to be inconsistent with Williams's own statements. There is also no merit to Williams's contention that, without a medical expert, the ALJ would not be able to determine whether Dr. Candace Valenstein's diagnosis of a personality disorder with paranoid features was indicative of a psychotic disorder. As the record shows, none of Williams's numerous physicians -- other than Dr. Abeles, whose opinion the ALJ properly discounted -- indicated that Williams needed psychiatric treatment, besides possibly for anxiety and depression. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) (holding that an ALJ is not required to seek additional

independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony would not be necessary).

Moreover, because substantial evidence supports the ALJ's finding that Williams did not have a severe psychotic disorder, such evidence also supports the ALJ's decision not to consider her psychotic disorder in combination with her other impairments. Further, because the ALJ determined that her psychotic disorder was not severe at the second step, the ALJ did not need to proceed to the other steps of the sequential analysis, including determining whether Williams's psychotic disorder precluded all work at the fifth step. See Crayton, 120 F.3d at 1219.

**AFFIRMED.**