[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14358
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00050-MP-GRJ

ANNETTE KEATON WILLIAMS,

Plaintiff-Appellant,

versus

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 23, 2016)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Annette Keaton Williams appeals the district court's order affirming the Administrative Law Judge's ("ALJ") denial of her application for disability insurance and supplemental security income benefits. Williams argues that there was not substantial evidence to support the ALJ's finding that she was not disabled, because the ALJ should have found that Williams is "severely and chronically mentally ill." After careful consideration, we affirm.

## I.

Our review is limited in social security cases. See 42 U.S.C. § 405(g). We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (quotation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation omitted). We may not reweigh the evidence or decide facts for ourselves—the ALJ's decision deserves deference "even if the proof preponderates against it." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quotation omitted).

To be eligible for disability and social security benefits, a claimant must be considered "disabled." 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1), (2). In determining whether a claimant is "disabled," the ALJ, in a sequential process, examines whether the claimant: (1) is engaging in substantial gainful activity; (2) has a

severe and medically determinable impairment; (3) has an impairment or combination of impairments that satisfies the criteria of a "listing"; (4) can perform her past relevant work in light of her present abilities, which comprise her residual functional capacity ("RFC"); and (5) can adjust to other work in light of her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

To apply this test, the ALJ evaluates the record before her, including relevant medical records and physicians' opinions.  A treating physician's opinion must be given considerable weight unless "good cause" is shown to discount it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists where: (1) the opinion was not bolstered by evidence; (2) the record supported a contrary finding; or (3) the opinion was conclusory or inconsistent with the physician's own medical records.  Id.  The weight due to a non-examining physician's opinion depends partly on whether it is supported by clinical findings and is consistent with the record as a whole.  See 20 C.F.R. § 404.1527(c), (e). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011).

## II.

Williams never objected to the magistrate judge's Report and Recommendation ("R&R"), so we review her claims for plain error.  See 11th Cir.

3

R. 3-1.  Plain error requires: (1) an error; (2) that is plain; (3) that affects the substantial rights of the party; and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding.  Brough v. Imperial Sterling Ltd., 297 F.3d 1172, 1179 (11th Cir. 2002).

The ALJ did not plainly err by finding that Williams was not disabled. Williams relies primarily on two medical opinions in challenging the ALJ's determination: those of Dr. Abeles and Dr. Grauer.  The ALJ properly did not consider Dr. Abeles's opinion because that opinion was prepared for Williams's previous, denied disability claim, which this Court affirmed.  See Williams v. Astrue, 416 F. App'x 861, 863 (11th Cir. 2011) (per curiam) (unpublished) (affirming the ALJ's decision to give Dr. Abeles's opinion "little weight").  The ALJ had no occasion to revisit Dr. Abeles's opinion here, with respect to a separate disability claim covering a separate period of time.

Neither did the ALJ plainly err by giving less weight to Dr. Grauer's opinion.  Ordinarily, a treating physician's opinion would be entitled to considerable weight, but the ALJ had good cause to discount Dr. Grauer's opinion. See Lewis, 125 F.3d at 1440.  First, to the extent that Dr. Grauer purported to declare Williams "fully disabled," this was not a medical opinion entitled to special significance, but rather a conclusory legal judgment "on issues reserved to the Commissioner."  20 C.F.R. § 404.1527(d).  Second, Dr. Grauer based his

4

assessment largely on Dr. Abeles's opinion, rather than on his personal observation of specific functional limitations.  See id. § 404.1527(c)(3).  Finally, Dr. Grauer's opinion was not consistent with the record as a whole.  See id. § 404.1527(c)(4).  The ALJ did not plainly err by discounting Dr. Grauer's opinion.

The ALJ's finding as to Williams's mental RFC was supported by substantial evidence.  One treating physician found that even without any psychotropic medication, Williams was cooperative, her memory was intact, her attention and concentration were adequate, and her judgment was fair.  Many of her other examinations resulted in similar findings.  Two non-treating psychologists confirmed that Williams had only mild to moderate mental issues, which did not significantly affect her ability to follow simple instructions, complete tasks, and work a normal workweek.  Williams also acknowledged her ability to do household chores and yardwork, read the Bible and meditate, go to church, go shopping, manage her money, do puzzles, and drive.  Finally, the ALJ noted instances in which Williams appeared to have given medical providers questionable information in order to build her benefits case.  Substantial evidence supported the ALJ's finding as to Williams's mental RFC.

The ALJ's findings that Williams could either return to her past work or adjust to other work were also supported by substantial evidence.  A claimant bears the burden of demonstrating that she cannot perform her past work.  Lucas v.

Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990).  A claimant can perform her past work if her RFC is sufficient to meet the demands of the relevant job.  See 20 C.F.R. §§ 404.1560(b), 416.960(b).  In making this assessment, ALJs may allow vocational experts to testify, see id., as the ALJ did here.  Based on Williams's RFC and impairments, the ALJ asked the vocational expert hypothetical questions about possible work, and the expert testified that Williams was capable of performing her past jobs as a mail handler or an office helper.  He also testified that Williams could adjust to work as a car wash assistant or a housekeeper based on her RFC.  This was substantial evidence supporting the ALJ's findings.  See Winschel, 631 F.3d at 1180.

For these reasons, we AFFIRM the district court's order upholding the ALJ's denial of benefits.

**AFFIRMED.**