[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13215
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00272-CDL-MSH


FELISSA GRISSETT,

                                                    Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 20, 2017)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Felissa Grissett, proceeding *pro se* on appeal, appeals the district court's order affirming the administrative law judge's ("ALJ") denial of disability insurance benefits, pursuant to 42 U.S.C. § 405(g).  After careful review of the record and the parties' briefing, we affirm.

## I.

Grissett applied for disability benefits in September 2010.  She said that she suffered from major depressive disorder, post-traumatic stress disorder ("PTSD"), and anxiety, all of which combined to make her unable to work as of December 31, 2009.  Her application was denied initially and upon reconsideration.  Thereafter, Grissett asked for and received an administrative hearing before an ALJ.  That hearing was held in April 2012 and resulted in an unfavorable decision in July 2012.  Grissett appealed that decision to the Appeals Council, which granted review and remanded the case to the ALJ.

A second hearing was held before a new ALJ in October 2013.  Since the first hearing, according to Grissett's testimony, she had suffered nerve damage (neuropathy) from having been electrocuted in January 2013.  Grissett also indicated that she received compensation from the Department of Veterans Affairs ("VA") due to a service-connected disability rating of 100 percent.  The ALJ issued an unfavorable decision on Grissett's disability claim in February 2014.

Grissett again requested review from the Appeals Council and submitted additional evidence, including a report from Landmark Counseling Services ("Landmark") dated June 5, 2014, which showed that Grissett had been evaluated by a psychologist and diagnosed with major depressive disorder, severe without psychotic features, and PTSD. The Appeals Council acknowledged Grissett's new evidence but denied her request for review.

Grissett then filed a *pro se* complaint in the district court, asking for judicial review of the agency's decision. *See* 42 U.S.C. § 405(g). She attached to her complaint the VA rating decision from October 2014, which stated that her major depressive disorder would continue to be rated as 100-percent disabling.

In a report and recommendation ("R&R") to the district court, a magistrate judge construed Grissett's filings to raise two main challenges: (1) that the ALJ failed to consider the VA's determination that she was disabled; (2) that the ALJ's residual functional capacity ("RFC") assessment was not supported by substantial evidence. With regard to the first argument, the magistrate judge found that the ALJ considered the VA rating decision, that the VA decision was not binding on the ALJ, and that it was not necessary to remand the case to the ALJ because the October 2014 VA decision was cumulative of evidence before the ALJ. With regard to the second argument, the magistrate judge found that substantial evidence supported the ALJ's RFC assessment.

3

The district court, after conducting a *de novo* review of the record, adopted the magistrate judge's R&R.  Grissett then filed this timely appeal.

## II.

In her brief, Grissett asserts that she is disabled and that her medical records prove her disability.  She points specifically to the Landmark report, which showed that she suffered from and had been receiving treatment for major depressive disorder, and the VA rating decision, which evaluated her major depressive disorder as 100-percent disabling.  Liberally construing her brief on appeal, *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), Grissett argues that (1) the ALJ's unfavorable decision, specifically the mental RFC assessment, is not supported by substantial evidence and is contradicted by the VA disability decision, and (2) the Appeals Council and the district court should have remanded the case to the ALJ to consider the October 2014 VA decision and the June 2014 Landmark report.

We review the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review "whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a

4

conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted). In reviewing the Commissioner's decision, we may not reweigh the evidence or decide facts anew. *Id.* Therefore, we must affirm the agency's findings and credibility determinations if they are supported by substantial evidence, even if the evidence preponderates against them. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The social security regulations outline a five-step process to be used to determine whether a claimant is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The claimant has the burden to prove that (1) she "has not engaged in substantial gainful activity," (2) she "has a severe impairment or combination of impairments," and (3) her "impairment or combination of impairments meets or equals a listed impairment," which results in an automatic finding of disability. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the claimant cannot prevail at the third step, she must prove that (4) she is "unable to perform her past relevant work." *Id.*

At the fourth step, the ALJ must assess the claimant's RFC, which is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). If, based on the RFC, a claimant cannot return to her past relevant work, the ALJ moves on to step five, where the burden shifts to the Commissioner to show that

"there is other work available in significant numbers in the national economy that the claimant is able to perform." *Jones*, 190 F.3d at 1228. If the Commissioner meets that burden, "the claimant must prove that she is unable to perform those jobs in order to be found disabled." *Id.*

## A.

The ALJ found that Grissett's claim failed at the fifth step because, although she could not perform her past relevant work due to her severe impairments, there were other jobs in the national economy she could perform. Grissett argues that the ALJ erred because "[m]edical records on top of medical records prove [her] case." However, the ALJ reviewed these records and concluded that she had the RFC to perform light work with some physical limitations and that she was limited to simple, routine, and repetitive work consistent with unskilled work activity. We conclude that substantial evidence supports the ALJ's determination.[1]

First, the ALJ reasonably decided not to fully credit Grissett's complaints about the disabling nature of her impairments. The ALJ explained that Grissett's daily activities—including preparing simple meals, caring for her children, and driving a car—were "not limited to the extent one would expect, given the complaint of disabling symptoms and limitations." The ALJ also noted that,

---

[1] We center our discussion on the ALJ's assessment of Grissett's mental impairments, as this seems to be the focus of her challenge. Although she notes that she had been diagnosed with neuropathy, she does not indicate how her neuropathy affects her ability to work, and the record shows that the ALJ evaluated this evidence in assessing her physical RFC.

6

during the period of disability, Grissett completed her associate's degree, braided hair from her home, and had earnings near the level of substantial gainful activity. *See* 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). These findings reasonably supported the ALJ's credibility determination.

Second, the ALJ's determination is supported by Grissett's treatment records. With regard to her mental impairments, the ALJ noted that the records showed diagnoses including major depressive disorder, PTSD, depression, and anxiety. The ALJ explained that the treatment notes showed a "partial response to medications" but that Grissett had been noncompliant with her medication at times. Despite Grissett's medication noncompliance, she reported only "occasional" depressed mood and anxiety in July 2012 and she was "relatively stable" and "doing ok for the most part" in September 2012. Further, the ALJ stated, Grissett had aggravated her condition at times by alcohol use. Nevertheless, the ALJ recognized that Grissett still experienced depressive symptoms when not consuming alcohol and when compliant with medication. Accordingly, the ALJ limited Grissett to "simple, repetitive, routine tasks consistent with unskilled work activity." That determination was consistent with the opinions of two non-examining state agency physicians, who both opined that Grissett was capable of completing simple, routine, repetitive tasks.

Third, the ALJ did not err by refusing to give controlling weight to the VA decision rating her major depressive disorder as 100-percent disabling. The ALJ specifically referenced Grissett's VA disability rating, finding that it was consistent with the ALJ's determination that Grissett had the severe impairment of major depressive disorder. But the ALJ correctly noted that he was not bound by the decision of a different agency based on different standards. *See* 20 C.F.R. § 404.1504 ("Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled . . . is based on its rules, it is not binding on us and is not our decision about whether you are disabled . . . under our rules."). The ALJ then explained why he was giving that determination "some," as opposed to controlling, weight. Because the ALJ considered the VA decision, expressly stated the weight he was giving to that decision, and adequately explained his reasons for doing so, we find no error in this regard. And, as explained above, we conclude that the ALJ's decision finding Grissett not disabled is supported by substantial evidence.

Beyond stating that her medical records prove her claim of disability, Grissett does not identify any specific error in the ALJ's findings or analysis. Although we liberally construe briefs filed by *pro se* litigants, and we have done so here, we are not at liberty to act as *de facto* counsel, *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014), or to address arguments that she does not

make, *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (issues not briefed on appeal are abandoned).  Because we must affirm the ALJ's decision if it is supported by substantial evidence and the decision here is, we affirm the ALJ's decision in this case.  *See Mitchell*, 771 F.3d at 782.

**B.**

Next, Grissett points to two pieces of evidence that she produced after the ALJ's decision in this case:  the October 2014 VA disability decision, which she says made her "100% total[ly] and permanent[ly]" disabled, and the June 2014 Landmark report.  We construe Grissett's brief to argue that either the Appeals Council or the district court should have remanded her case to the ALJ.

Generally, a disability claimant is allowed to present new evidence at each stage of the administrative process, including an appeal to the Appeals Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"   *Id.* (quoting 20 C.F.R. § 404.970(b)).   "Chronologically relevant" evidence is evidence that relates to the period on or before the date of the ALJ's decision. *See Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999).

9

In addition, the sixth sentence of 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner for consideration of new evidence that previously was unavailable. *Ingram*, 496 F.3d at 1261. To show that a "sentence six" remand is warranted, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)).

Here, Grissett has not shown that a remand was warranted to consider the Landmark report or the VA disability decision. Even assuming without deciding that this evidence was chronologically relevant, the new evidence is not "material" because there is no "reasonable possibility that the new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Consistent with the evidence before the ALJ, the Landmark report shows that Grissett had been diagnosed with major depressive disorder and PTSD. Moreover, the report did not purport to offer an opinion on Grissett's ability to work, nor does Grissett identify in particular how the report casts doubts on the ALJ's decision.

As for the October 2014 VA disability rating decision, the evidence before the ALJ included a previous VA decision rating her major depressive disorder as 100-percent disabling. Thus, the new rating decision was merely cumulative because, as the district court noted, it "simply reaffirms the prior disability rating." It does not, as Grissett asserts, declare her "permanently" disabled. Because the new evidence was not "material," neither the Appeals Council nor the district court erred by refusing to remand Grissett's case to the ALJ for additional consideration.

Finally, Grissett attaches some new evidence to her appendix on appeal relating to her unsuccessful efforts at vocational rehabilitation. Specifically, on April 13, 2016, the VA found it "infeasible [for Grissett] to participate in Vocational Rehabilitation and Employment Services." However, this new evidence is not properly before us because it was presented for the first time on appeal. *See Wilson*, 179 F.3d at 1278 ("The new evidence is not properly before the court as it is merely attached as an appendix to Wilson's brief."). It also relates to a period of time well after ALJ's decision in this case. *See id.*

For the foregoing reasons, we affirm the judgment of the district court upholding the Commissioner's finding that Grissett was not disabled.

**AFFIRMED.**

11