[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17192
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80130-WM

TOMMY H.D. DRAUGHON,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 11, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Appellant Tommy Draughon appeals the district court's order affirming the Administrative Law Judge's ("ALJ") decision denying his application for supplemental security income.  After careful review, we affirm.

## I.    BACKGROUND

In 2011, Draughon filed an application for supplemental security income with the Social Security Administration.  Alleging a disability onset date of January 1, 2008, he represented that he was disabled and unable to work due to neck and back problems.  Draughon completed a work history report, in which he stated that he had previously worked as a supermarket stock clerk from 1973 until 1990, as a personal trainer from 1990 until 2002, and as a male model from 2002 until 2003.  The Commissioner of Social Security ("the Commissioner") denied his application initially and upon reconsideration.

At a hearing before the ALJ, Draughon testified that he mistakenly stated on his work history report that he had worked as a male model.  Most recently, he had worked as a supermarket clerk but had to stop working in 2003 because the pain in his back and neck prevented him from bending down, putting up stock, and standing in one place for more than 10 to 15 mins.  He had also worked part-time as a personal trainer from 1990 to 2003.  He explained that his pain stemmed from a car accident in 1985, after which he spent two-and-a-half months in the hospital.

2

He experienced headaches almost daily, as well as neck pain and had a bad memory and concentration.

The ALJ questioned Draughon about his past steroid use. Draughon explained that he used steroids after the car accident and was incarcerated between 1993 and 1994 for a probation violation, and again between 1996 and 1998 for selling steroids. He alleged a disability onset date of January 1, 2008, even though his issues stemmed from his 1985 car accident because, until that point, he had been taking steroids. The steroids made him feel "not human," but when he stopped taking them, he gained weight and lost energy.

Following the hearing, the ALJ issued a decision denying his application for supplemental security income in January 2014. After reviewing the evidence, the ALJ found that Draughon had the following severe impairments: degenerative disc disease of the cervical spine, spondylosis, lumbosacral disc protrusion, hypertension, cognitive disorder, and dysthymic disorder. However, Draughon did not have an impairment or combination of impairments that met or equaled one of the listed impairments in the Social Security regulations.

The ALJ determined that Draughon had the residual functional capacity to perform light work. Specifically, the ALJ found that Draughon could occasionally climb, balance, stoop, kneel, crouch and crawl; he could occasionally walk around extreme cold and heat, wetness and humidity, noise, vibration, and fumes; and he

3

could perform simple routine tasks on a sustained basis in a stable work environment with no more than simple decision making.  Based on this finding, and in conjunction with the testimony from the vocational expert that an individual with Draughon's limitations could perform the jobs of a price merchandiser, a silverware wrapper, and a shellfish preparer, the ALJ concluded that there were jobs in the economy that Draughon could perform.  Accordingly, the ALJ denied Draughon's application for supplemental security income.  The Appeals Council denied Draughon's request for review.

In 2015, Draughon, represented by counsel, filed a complaint in district court challenging the denial of supplemental security income.  He argued in relevant part that the ALJ erred by:  (1) discounting the opinions of his treating physicians; (2) finding that his foot impairments were not severe; and (3) discounting his subjective complaints of impairment.  Draughon consented to having his case heard before a magistrate judge, and the magistrate judge affirmed the Commissioner's decision denying supplemental security income.

Draughon, now proceeding *pro se*, has appealed to this Court.  He submitted new evidence in the appendix to his brief, including medical statements from various doctors dated between September 2014 and October 2016.

## II.    DISCUSSION

### A.    Standard of Review

We review the ALJ's decision for substantial evidence, but its application of legal principles *de novo*.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotations omitted).  We may not reweigh the evidence and decide the facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

### B.    Whether Draughon Preserved any Issues on Appeal

The Government asserts that Draughon has abandoned any potential issues related to the ALJ's denial of his application for supplemental security income by failing to raise any specific challenges on appeal.  Although we liberally construe the briefs of *pro se* litigants, issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Federal Rule of Appellate Procedure 28 provides that an appellant's brief must contain arguments that include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P.

28(a)(8)(A).  We have required *pro se* litigants to comply with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

On appeal, Draughon's brief is devoid of any argument challenging the magistrate judge's decision, or any of the ALJ's findings related to the denial of his application for supplemental security income.  Instead, Draughon recounts the procedural history of his case and provides a description of his financial and health problems, which he attributes to his 1985 car accident and subsequent steroid use. He states that he wants this Court to know that he is not faking his pain, and he attempts to explain why he stated that he was a male model in his work history report.

Because Draughon neither raised any specific arguments related to the ALJ's denial of supplemental security income or the magistrate judge's decision affirming the ALJ's denial of benefits, nor cited to any relevant authorities or portions of the records, he has abandoned any issues he may have had on appeal challenging the ALJ's decision.  Fed. R. App. P. 28(a)(8)(A); *Albra*, 490 F.3d at 829; *Timson*, 518 F.3d at 874.  To the extent Draughon's cursory statement that he was not faking his pain could be interpreted as a challenge to the ALJ's determination that his subjective testimony was not entirely credible, this passing reference—without any argument or citation to authority—was not enough to preserve this argument on appeal.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739

F.3d 678, 681–82 (11th Cir. 2014) (explaining that a party abandons an issue on appeal by only making a passing reference without any supporting arguments or authority).

Nevertheless, as discussed below, even if Draughon's statement were sufficient to preserve this issue on appeal, we would reject this argument because the ALJ's determination that his subjective complaints of pain were not entirely credible is supported by substantial evidence.[1]

## C.    Credibility Determination

To establish a disability based on subjective testimony of pain and other symptoms, the claimant must establish: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

We have stated that credibility determinations are within the province of the ALJ. *Moore*, 405 F.3d at 1212. However, if the ALJ rejects a claimant's subjective testimony regarding pain, the ALJ must articulate specific reasons for doing so. *Wilson*, 284 F.3d at 1225. Otherwise, the testimony must be accepted as

---

[1] We note that Draughon raised this argument in the district court. *Cf. Stewart v. Dep't of Health and Human Servs.*, 26 F.3d 115, 115 (11th Cir. 1994) ("As a general principle, this court will not address an argument that has not been raised in the district court.").

true. *Id.* Although the ALJ need not cite to "particular phrases or formulations" to support the credibility determination, the ALJ must do more than merely reject the claimant's testimony, such that the decision provides a reviewing court a basis to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210 (quotations omitted).

The ALJ discredited Draughon's testimony because it was not supported by the medical evidence and because of discrepancies in the record that called Draughon's credibility into question. As noted by the ALJ, the record showed that Draughon was in a car accident in 1985, but Draughon provided no evidence relating to musculoskeletal complaints between 1985 and January 1, 2008, the alleged onset date of his disability, or between January 2008 and December 2011, the date he filed his application for supplemental security income. In fact, the record does not contain any evidence of Draughon's complaints related to pain stemming from his car accident until January 2012. Moreover, following the accident, Draughon continued to work as a supermarket stock clerk and as a personal trainer. Likewise, he was incarcerated between 1996 and 1998 for steroid use, suggesting that he was involved in body-building activity. The conservative nature of Draughon's treatment for his back and neck pain also weakens his claim that he is disabled. Although treatment notes showed that Draughon had spinal issues, doctors recommended physical therapy and medication. Treatment notes

8

also showed that Draughon had declined trigger point or epidural injections to relieve pain.

Further, the ALJ explained that Draughon's credibility was called into question by the inaccurate information he provided on his work history report. The record shows that Draughon stated on his work history report that he had worked as a male model between 2002 and 2003. He included the hours he had worked and the pay he received. However, at the hearing before the ALJ, Draughon denied ever having worked as a male model and told the ALJ that he had only aspired to do so. When asked by the ALJ why he had included this information, he was not able to answer. Because the ALJ articulated clear reasons for discrediting Draughon's subjective complaints regarding the extent of his limitations and those reasons are supported by substantial evidence, we will not disturb the ALJ's finding. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.").

As a final matter, we decline to consider the additional evidence that Draughon submitted in his appendix for the first time on appeal—consisting of medical statements from various doctors dated after issuance of the ALJ's decision—because the evidence is not part of the certified administrative record. *See Wilson v. Apfel*, 179 F.3d 1276, 1278–79 (11th Cir. 1999) (explaining that our

9

review of evidence is limited to the certified record, such that we will not review evidence submitted for the first time in an appendix to an appellant's brief). Moreover, Draughon has not argued that this new evidence requires remand to the ALJ, and therefore any claim that remand is warranted is abandoned. *See Timson*, 518 F.3d at 874.

## III.    CONCLUSION

For all of the above reasons, we affirm the district court's order affirming the Commissioner's denial of Draughon's application for supplemental security income.

**AFFIRMED.**