[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14683
Non-Argument Calendar
_____

D.C. Docket No. 8:06-cr-00367-SCB-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARSON WILLIAM MATUTE-RANKIN,
a.k.a. Aparicio Matute,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 2, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Carson William Matute-Rankin appeals the order that reduced his sentence based on his substantial assistance to the government. Fed. R. Crim. P. 35(b). Matute-Rankin argues that the government breached its plea agreement by moving for a four-level departure instead of requesting a greater reduction of his sentence based on the "[t]he terms of [a] third party agreement." We affirm.

As a general rule, a ruling on a motion to reduce based on substantial assistance under Federal Rule of Criminal Procedure 35(b) is a discretionary decision not subject to appellate review. *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996). Matute-Rankin does not challenge the decision that granted him a reduction; he contends instead that the government violated its agreement to award a greater reduction. And we have jurisdiction to review whether the government breached its plea agreement. *See* 18 U.S.C. § 3742(a)(1). We review that issue *de novo*. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016).

The government did not breach its agreement with Matute-Rankin. The plea agreement provided that the government would "consider whether [Matute-Rankin's] cooperation qualifies as 'substantial assistance' . . . that warrant[s] the filing of a motion for a reduction of sentence . . . pursuant to Fed. R. Crim. P. 35(b)." In the written agreement and during his change of plea hearing, Matute-Rankin acknowledged "that the determination as to whether 'substantial assistance' has been provided or what type of motion . . . will be filed, if any, rests with the

2

United States Attorney for the Middle District of Florida"; that the plea agreement "constituted the entire agreement between the government and [him] . . . and no other promises, agreements, or representations exist[ed] or ha[d] been made . . . with regard to such guilty plea"; and that no one had promised him "anything differently in order to get [him] to plead guilty." *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."). Later, the government complied with its obligation to consider Matute-Rankin's assistance and moved for him to receive a four-level departure based on information that he provided about a hidden compartment in a vessel and the transportation of cocaine concealed on another vessel. On the recommendation of the government, the district court reduced Matute-Rankin's sentence from 292 months to 188 months.

Matute-Rankin failed to prove there was a supplemental agreement. Matute-Rankin moved for a further reduction of his sentence and alleged that "[t]he terms of [a] third party agreement" guaranteed specific reductions in his sentence in exchange for certain inculpatory information. But he produced no third-party agreement for the district court to review.

In his motion for leave to supplement the record, Matute-Rankin asked the district court "to look to the plea agreement itself, to determine if the government actually promised to give [him] certain amounts of departure based on the extent of

his cooperation[] (i.e., 5 years for each go-fast boat and crew), and additional departures based on each individuals [sic] role or position within the conspiracy." But the plea agreement contained a promise by the government to consider Matute-Rankin's cooperation; it did not require that the government make any specific recommendation regarding the amount of reduction, if any, that it might seek on his behalf. *See United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008) (Rule 35(b) "gives the government 'a power, not a duty, to file a motion when a defendant has substantially assisted.'"). Matute-Rankin attaches to his brief his unsigned affidavit and a letter written by his son that purportedly recount agreements they each entered to reduce Matute-Rankin's sentence, but we do not consider exhibits attached to a brief that were not presented to the district court. *See United States v. Cross*, 928 F.2d 1030, 1053 (11th Cir. 1991) ("This court cannot consider a claim that rests on factual allegations outside the record which the district court has never considered."); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) ("[N]ew evidence is not properly before the court [when] it is merely attached as an appendix to [the appellant's] brief.").

The determination whether to file a motion to reduce and the extent of the reduction requested "is reserved to the government," *United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998). Although "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can

4

enforce," *Wade v. United States*, 504 U.S. 181, 185 (1992), Matute-Rankin did not allege, much less prove, that the failure of the government to recommend a greater reduction was attributable to "a constitutionally impermissible motivation," *see United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993).

We **AFFIRM** the order that reduced Matute-Rankin's sentence based on his substantial assistance.